**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-cv-27180-JEM**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY**

Defendant.
______________________________________/

# REMOVAL STATUS REPORT

Defendant Deepika Reddy (Defendant), by and through undersigned counsel, respectfully files this Removal Status Report:

(a) Plaintiff Broad Street Global Management LLC filed a complaint asserting a claim for defamation per se against Defendant. There have been no counterclaims, crossclaims or third-party claims made in state of federal court.

(b) This action could have been brought in the Western District of Texas, Austin Division. Defendant resides in Austin, Texas, and Austin has been her permanent home since June 2020. The Complaint names only one defendant, so venue lies in Texas under 28 U.S.C. § 1391(b)(1). Venue also lies there under § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in or near Austin: Defendant responded from her home in Austin to an existing investor email chain concerning the Broadstreet/ZSQR investments; the relevant solicitation, meetings, and discussions

with Akhil Morada occurred in Austin; witnesses with relevant knowledge are in or near Austin; and Defendant maintains or can access relevant records through Juniper Square, with any physical records she maintains located in Austin. Defendant does not own, lease, or maintain any residence, office, or place of business in Florida, has no employees in Florida, and does not conduct business operations in Florida. The Austin Division also has personal jurisdiction over Defendant because she resides there. Plaintiff Broad Street Global Management is a South Carolina LLC, and all its members reside and are citizens of South Carolina. None of its members are Florida residents, so Miami is not Plaintiff's home forum. Plaintiff filed under Florida's long arm jurisdiction by pointing to an investor email chain and alleged Florida recipients or alleged reputational effects in Florida, but Defendant did not create the investor list, did not select recipients by Florida location, did not know that any particular recipient was in Miami or Florida, and neither Defendant nor Plaintiff are aware of proof that any recipient opened or read the email in Florida. Plaintiff's forum choice therefore rests on speculation about downstream email access, not on operative conduct in Florida.

(c) The only pending motion is Defendant's Motion to Transfer to the Western District of Texas Austin Division [ECF No. 5].

(d) There is only one defendant and that defendant has requested removal. Also, on October 21, 2026 Plaintiff's counsel indicated by email that the Plaintiff does not oppose removal.

(e) The Defendant filed her Motion for Removal within 30 days of being served with the initial pleading.

Defendant filed copies of all records and proceedings in the state court proceedings as exhibits to ECF No 1 Notice of Removal (State Court Complaint).

**CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel certifies that, before filing this motion, counsel conferred (or made reasonable efforts to confer) with counsel for Plaintiff by email on October 14, 2026 regarding the relief requested. On October 21, 2026, Plaintiff's counsel responded back with "We are ok with he transfer of the Reddy are to Texas."

Date: October 25, 2026

Respectfully Submitted,

**EPPERSON & GREENIDGE, P.A.**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
T. 877.445.9261
*/s/ Andrew M. Greenidge*
**ANDREW M. GREENIDGE, ESQ.**
Fla. Bar No. 0016581
andrew@eppersongreenidge.com
greenidgelaw@gmail.com
*Counsel for Defendant Deepika Reddy*

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 25th day of October 2026, the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this document is being served on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF. I also certify that this document was served via e-mail on the same day to Plaintiff's counsel: Lorne E. Berkeley, Esq., Berkeley Law, P.A. at Lorne@BerkeleyLawFL.com.

*/s/ Andrew M. Greenidge*
Andrew M. Greenidge, Esq.